## Antonio Manzello, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 22,827.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed June 11, 1917.

### Statement of the Case.

Action by Antonio Manzello, plaintiff, against the Chicago City Railway Company, defendant, to recover for personal injuries alleged to be due to the sudden starting of the car before plaintiff had an opportunity to place himself safely on the car. From a judgment for plaintiff for $1,725, defendant appeals.

BUSBY, WEBER & MILLER, BENJAMIN F. RICHOLSON and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS, of counsel.

THOMPSON, TURRELL & CHAMBERS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. EVIDENCE, § 475*—*what constitutes preponderance.* The preponderance of evidence *held* to be in defendant's favor, in an action for personal injuries alleged to be due to the sudden starting of a street car before plaintiff had time to get safely on board, where plaintiff testified in his own behalf and also another witness, who was not in position to see what occurred, and the conductor and two credible witnesses for defendant supported defendant's contention.

2. INSTRUCTIONS, § 88*—*when instruction on determination of weight of evidence is erroneous.* An instruction that the greater

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

weight of evidence is not alone determined by the greater number of witnesses testifying to any fact or set of facts, but, in determining where the greater weight of evidence is, the jury should take into consideration the opportunities of the witnesses for seeing or knowing what they testified to or about, the probabilities or improbabilities of the truth of such testimony, and also take into consideration the connection, if any, between the witnesses and the parties and their interest in the result of the case, *held* erroneous because the element of numbers, as well as of candor, fairness and intelligence, did not appear, and it had no reference to the consideration by the jury of all of the evidence in the case in arriving at their verdict.

3. EVIDENCE, § 475*—*what considered in determining preponderance.* In a personal injury action, where the evidence was directly conflicting as to the manner of the occurrence of the accident, *held* that the number of witnesses was an important element in determining where was the preponderance of evidence.

4. NEGLIGENCE, § 228*—*when instruction on contributory negligence is erroneous.* An instruction, in an action for damages for personal injuries, which states in a negative way the duty of the plaintiff in regard to his being in the exercise of ordinary care for his own safety at and previous to the time of the accident is erroneous.

5. NEGLIGENCE, § 157*—*when burden of proof is on plaintiff.* In an action for damages for personal injuries, the burden of proof is on plaintiff to aver and prove that at the time of the accident he was in the exercise of ordinary care for his own safety.

6. NEGLIGENCE, § 126*—*what is effect of failure to aver and prove freedom from contributory negligence.* Failure to aver and prove freedom from contributory negligence, in an action for damages for personal injuries, precludes a recovery, regardless of the negligence proven against the defendant, unless such negligence is proven to be wilful, wanton or reckless.

7. APPEAL AND ERROR, § 1637*—*when error in instruction is not cured by correct instruction.* An error in an instruction in stating in a negative way the duty of plaintiff in regard to his being in the exercise of ordinary care for his own safety at and previous to the time of the accident is not cured by a correct instruction where it is impossible to determine which instruction was followed.

*See **Illinois Notes Digest,** Vols. XI to XV, and **Cumulative Quarterly,** same topic and section number.